# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DARNELL J. PERKINS, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 14-00077-WS-N |
| LEEPOSEY DANIELS, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner Darnell J. Perkins, a state prisoner presently in the custody of the respondent, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 (Doc. 1; *see also* Doc. 3[1]). The respondent, through the Attorney General of Alabama, has answered (Doc. 9), raising among other defenses that Perkins's petition is barred by 28 U.S.C. § 2244(d)(1), the applicable statute of limitations. Perkins has filed a response (Doc. 11) to this Court's order (Doc. 10) to show cause why his petition should not be dismissed as time barred. In that response, Perkins moves for dismissal of his petition without prejudice, stating "he has issues that need[] to be resolved in the state court" (*id.*).

This matter is now before the undersigned United States Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 8(b) of the Rule Governing Section 2254 Cases, and Local Rule 72.2(c)(4). And, for

---

[1] This document, styled as motion for effective representation, merely supplements arguments Perkins makes in his petition. As such, any claims presented therein are also time-barred (and not entitled to equitable tolling).

all the reasons explained below, it is **RECOMMENDED** that Perkins's motion to dismiss without prejudice be **DENIED**, his petition be **DISMISSED with PREJUDICE**, and the Court find Perkins is not entitled to a certificate of appealability and is therefore not entitled to appeal *in forma pauperis*.

## I. Applicable Background

The uncontroverted record filed in support of the respondent's answer establishes the following timeline, applicable to disposition of the § 2254 petition.

A Mobile County jury found Perkins guilty of three counts of attempted murder and one count of first-degree burglary on June 7, 2006. On August 25, 2006, Perkins was sentenced, as a habitual felony offender, to four concurrent ninety-nine-year terms in prison. The Alabama Court of Criminal Appeals affirmed his sentence on February 16, 2007, and on June 15, 2007, the Alabama Supreme Court denied *certiorari* and issued a certificate of judgment. Thus, because he sought "*certiorari* relief in the state court of last resort,"[2] direct review of Perkins's conviction in the state courts became final on September 13, 2007, upon expiration of the "90-day window" "to file a petition for writ of certiorari in the United States Supreme Court[.]" *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (citing SUP. CT. R. 13.1).

---

[2] *Contra McCall v. Mitchem*, No. CA 11–0507–KD–C, 2012 WL 1094556, at *11 n.11 (S.D. Ala. Apr. 2, 2012) ("McCall did not seek certiorari relief in the state court of last resort, that is, the Alabama Supreme Court; therefore, he was not entitled to seek direct review in the United States Supreme Court. McCall's conviction became final when the certificate of judgment issued from the Alabama Court of Criminal Appeals on February 4, 2004, and this Court need not add to that final judgment date the 90 days contemplated in Supreme Court Rule 13.1." (citations omitted)), *report and recommendation adopted*, 2012 WL 1970260 (S.D. Ala. June 1, 2012), *certificate of appealability denied* (11th Cir. [12-13098] Nov. 14, 2012).

2

Perkins's first Rule 32 petition was filed November 21, 2007. It was summarily dismissed by the trial court, which dismissal the Court of Criminal Appeals affirmed, and on September 11, 2009, the Alabama Supreme Court denied *certiorari* and issued a certificate of judgment as to the this Rule 32 petition. Perkins filed a second Rule 32 petition on January 25, 2010, which was also summarily dismissed by the trial court. The Court of Criminal Appeals also affirmed this dismissal, and on January 7, 2011, the Alabama Supreme Court again denied *certiorari* and issued a certificate of judgment as to the this Rule 32 petition.

The habeas petition now before this Court was not filed until February 19, 2014, more than three years later.

## II. Analysis

### A. Perkins's petition is time-barred, and he has not demonstrated entitlement to equitable tolling.

As to that, what appears to be Perkins's first, habeas petition attacking his 2006 convictions and sentence in State court, § 2244(d)(1)(A) provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" and "run from"—applicable here—"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" *Id.* Of course, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.*, § 2254(d)(2).

The one-year period of limitations began to run, as stated above, on September 13, 2007. While his filing of Rule 32 petitions arguably tolled the running of the statute on two occasions, the Alabama Supreme Court denied *certiorari* and issued a certificate of judgment as to his second (the final) Rule 32 petition on January 7, 2011, more than three years before Perkins filed the instant § 2254 petition. Thus, it is clear that the limitations period, although tolled at times while Perkins pursued post-conviction review in the State courts, expired well before Perkins filed in this Court. *Cf. Crumpton v. Patterson*, No. CA 11–0086–WS–C, 2011 WL 4482878, at *6 (S.D. Ala. Sept. 9, 2011) ("Petitioner's one-year period of limitations under AEDPA began to run on March 18, 1999 and ran unabated for 218 days until Crumpton filed his first Rule 32 petition in the Circuit Court of Mobile County, Alabama on October 22, 1999. Crumpton's one-year limitations period was tolled until the certificate of final judgment of affirmance was issued by the Alabama Court of Criminal Appeals on June 6, 2000 thereby ending petitioner's first collateral attack on his conviction and sentence. Crumpton filed another Rule 32 petition in the Mobile County Circuit Court some 120 days later on October 4, 2000, and even assuming that subsequent petition again tolled the one-year limitations period, petitioner's one-year limitations period ***certainly expired during the nearly two year lapse of time between the conclusion of Crumpton's second Rule 32 petition*** (that is, August 31, 2001) ***and the filing of his third Rule 32 petition on May 15, 2003***." (citations omitted and emphasis added)), *report and recommendation adopted,* 2011 WL 4482721 (S.D. Ala. Sept. 28,

2011).³

## B. Dismissal with prejudice is the appropriate disposition of the petition.

Realizing perhaps the procedural defectiveness of his petition, Perkins has moved to dismiss it without prejudice. (*See* Doc. 11.) This request essentially invokes Rule 41(a)(2),⁴ which "[n]umerous courts have treated [ ] as applicable to actions under Section 2254 and denied voluntary dismissal under similar circumstances." *Jessup v. Daniels*, No. 1:13CV607, 2014 WL 1431728, at *3 & n.2 (M.D.N.C. Apr. 14, 2014) (collecting cases), *report and recommendation adopted*, 1:13CV607, Doc. 14 (M.D.N.C. May 19, 2014).

---

³ Because Perkins's petition is clearly time-barred, and moreover because the undersigned recommends that the petition be dismissed with prejudice—contrary to Perkins's requested relief—the undersigned necessarily considers whether the one-year statute of limitations should be equitably tolled. It should not. Equitable tolling is only "appropriate when a prisoner demonstrates both extraordinary circumstances that prevented him from timely filing his motion to vacate and due diligence." *Manders v. United States*, Nos. 6:10–cv–1329–Orl–31GJK; 6:05–cr–173–Orl–31GJK, 2012 WL 72737, at *4 (M.D. Fla. Jan. 10, 2012) (citations omitted); *accord Foley v. United States*, 420 Fed. App'x 941, 942 (11th Cir. Apr. 1, 2011) (per curiam) ("[E]quitable tolling 'is available only if a [prisoner] establishes **both** extraordinary circumstances and due diligence.'" (quoting *Diaz v. Secretary of Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) (emphasis in *Diaz*))); *Holland v. Florida*, 560 U.S. 631, 648 (2010) (although equitable tolling applies to § 2244(d), "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" (citation and internal quotation marks omitted)). As Perkins has not so much as plead equitable tolling, he has failed to demonstrate—much less establish—the requisite extraordinary circumstances and due diligence to entitle him to equitable tolling. *Cf. Jon v. Thaler*, Civil Action No. H–12–0258, 2013 WL 684172, at *5 (S.D. Tex. Feb. 22, 2013) ("Liberally construed, Jon's pleadings fail to present any rare and exceptional circumstances, such as intentional deception, that demonstrate he is entitled to equitable tolling." (citing *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002))); *accord Brown v. United States*, No. 10–CV–2641 (SJ), 2011 WL 2444815, at *3 (E.D.N.Y. Jan. 20, 2011).

⁴ Because respondent's answer, substantively a dispositive motion, is before the Court, this "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id.*; *contra* FED. R. CIV. P. 41(a)(1).

In *Jessup*, the court first noted four nonexclusive factors courts in that Circuit "should consider"[5]; quickly discussed there of the four; and then focused on the third factor—an "insufficient explanation of the need for a dismissal."[6] *See id.* at \*4-5. There, equally applicable here, the court noted, "of particular importance in this case, dismissal without prejudice at this stage would not prevent any of Petitioner's claims from being barred by the statute of limitations. Petitioner's claims are ***already*** time barred and will remain time-barred." *Id.* at \*5 (emphasis in original).

Also applicable to this case, the court in *Jessup* noted, "[a] motion to voluntarily dismiss under Rule 41(a)(2) should be denied when a plaintiff seeks to circumvent an expected adverse result, and that denial of voluntary dismissal is appropriate where summary judgment is imminent." *Id.* (citations and internal quotation marks omitted). In the context of habeas review, however, this point of law is tempered by a court's obligation to "ensure that the petitioner's ability to

---

[5] Our Circuit "has not explicitly adopted factors that a trial court should evaluate" to determine whether a Rule 41(a)(2) motion to dismiss without prejudice should be granted; however, "substantial discretion is vested in the district court to determine and implement a just resolution." *BMC-The Benchmark Mgmt. Co. v. Ceebraid-Signal Corp.*, No. 1:05-CV-1149-WSD, 2007 WL 2126272, at \*5 (N.D. Ga. July 23, 2007) (citations omitted); *see, e.g., Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1258-59 (11th Cir. 2001) ("[T]his circuit has never specifically addressed or adopted the [ ] factors" in *Pace v. Southern Express Co.*, 409 F.2d 331 (7th Cir. 1969).)

[6] *Cf. BMC*, 2007 WL 2126272, at \*5 ("When courts in this circuit have denied a plaintiff's Rule 41(a)(2) motion for dismissal without prejudice, several factors were frequently important to the decision. These factors include the length of time and amount of resources spent by the defendant litigating the case, dilatory tactics by the plaintiff, and the presence of a motion for summary judgment pending when the plaintiff requested dismissal. Courts are more likely to deny a voluntary dismissal where the plaintiff has been dilatory in conducting the litigation." (citations omitted)).

6

present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." *Id.* (quoting *Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993)). As to this balance, the following analysis from *Jessup*—which, again, is equally applicable to the posture of Perkins's motion to voluntarily dismiss this action without prejudice—states it well:

> Here, Petitioner voluntarily sought to have this Court adjudicate whether the finality of his state judgment should be disturbed through this federal habeas proceeding. The Court ordered the Respondent to file an answer or response to Petitioner's Section 2254 Petition. In the Answer and Motion for Summary Judgment, Respondent, as is her right to do, asserted the affirmative defense of the statute of limitations. That is, Respondent clearly pressed the rights that are expressly set forth in Section 2244(d)(1)(A) (providing for the one-year statute of limitation running from the date Petitioner's state judgment became final). To dismiss this proceeding . . . would serve no purpose, because even if Petitioner could return to state court (which seems unlikely, because Petitioner's claims are either already exhausted or subject to the procedural bar), ***this federal action is already time-barred***. This is not an instance of Petitioner falling into a procedural trap generated by the intricacies of habeas law but ***an attempt to withdraw an action that is—and will remain—time barred***. A dismissal without prejudice would also permit Petitioner to avoid an imminent dismissal with prejudice in a case he initiated and—if Petitioner raises these issues in a second habeas petition—force Respondent to defend against a clearly time-barred claim a second time. The better course here is to deny Petitioner's Motion to Dismiss.

*Id.* (internal record and other citations omitted and emphasis added); *see also Fountain v. Forniss*, No. 3:12–cv–02477–JHH–JEO, 2013 WL 360261, at *3 (N.D. Ala. Jan. 25, 2013) ("To the extent the petitioner seeks a dismiss[al] of this action without prejudice, the Court declines to do so. 'The decision to grant or deny a Rule 41(a)(2) motion to dismiss an action without prejudice is entrusted to the sound discretion of the district court; thus, a plaintiff holds no right to such dismissal.

7

What is more, in exercising its discretion, the court must "keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants.'" In this instance, the respondents were required to answer the petitioner's claims and were required to locate, collect, and submit the relevant record. They have demonstrated the absence of any right to further review. To permit a dismissal without prejudice is not fair to the respondents or justified under the circumstances. Accordingly, this matter is due to be dismissed with prejudice." (quoting *In re Bayshore Ford Trucks Sales, Inc.*, 471 F.3d 1233, 1259 (11th Cir. 2006) (in turn quoting *Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991)))).

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of

8

the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). Inasmuch as Perkins's petition is time-barred, and because he has not proven his entitlement to equitable tolling, which means this Court may not entertain the petition, a reasonable jurist could not conclude either that this Court is in error in denying it or that Perkins should be allowed to proceed further. *See Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted,* 2011 WL 1930662 (S.D. Ala. May 19, 2011); *Griffin v. DeRosa*, No.

3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).

## IV.  Conclusion

For all of the reasons discussed above, the Magistrate Judge **RECOMMENDS** that Perkins's motion to dismiss without prejudice (Doc. 11) be **DENIED**, his petition (Docs. 1, 3) be **DISMISSED with PREJUDICE**, and the Court find Perkins is not entitled to a certificate of appealability and is therefore not entitled to appeal *in forma pauperis*.

## V.  Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 31st day of July, 2014.

>  */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**